## 45128. KELLY v. THE STATE.
### (362 SE2d 200)
### Order of Court.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Clarke, P. J., Smith and Bell, JJ., who dissent.*

Smith, Justice, dissenting.

This case begs to be reviewed on certiorari. When a search warrant is obtained by an affiant who, later under oath as a witness, admits that he told an untruth in getting it, then we have dipped in law enforcement lower than the "courier" profile syndrome. The search warrant in this case was issued solely upon the affidavit of a GBI agent who had been an agent since 1980. A pertinent portion of the affidavit was as follows: ". . . Within the past three days, affiant was contacted by a reliable source that has been known to the affiant for the past five years during the period of time, said source has provided affiant with information on numerous occasions of which has led to the arrest of several persons and the seizures of various types of drugs. Affiant believes said source due to sources of past reliability. Within the past three days said source advised that he had been on the above premises and had observed a quantity of marijuana and cocaine . . ."

The GBI agent testified under oath that he had not received any information from a confidential informant, did not know the alleged informant, knew nothing of his reliability and had never received any tips from him resulting in arrests or convictions.

He testified further that he had no knowledge of the said source, nor whether he was reliable nor had he advised him that he, the informant, had observed a quantity of marijuana and cocaine. The magistrate was unaware that the GBI agent was swearing to facts which were not true.

If this was a civil suit where the main witness or party deceived someone in order to obtain an important document, this Court would affirm a fraud verdict against such a person almost from the bench. Attorneys guilty of such conduct are disbarred, and yet the majority of this Court apparently approves of such conduct by law enforcement personnel. In approximately 30 years of practicing law and serving on the bench, never have I seen anything to match this.

Certiorari should be granted and the case reversed on the very simple premise that any time that a law enforcement official swears to an untruth in order to obtain a search warrant, the warrant is so badly "polluted" that justice cannot be served. As a consequence of so

obtaining, all evidence seized as a result of the illegal warrant should be suppressed and the officer who misled the magistrate should be fired.

Until this Court or some court stands up and says that law enforcement officers must abide by the law in enforcing the law, such instances, as we have here, will be the rule — not the exception. This Court must not allow law enforcement to sink to the level of the law violators. This I am sure we will not do. The officer in this case certainly cannot plead "good faith" on the basis that he took the warrant at face value, because he was the one who made the misrepresentation under oath to obtain the warrant. When trickery and deception become partners with law enforcement, our system of justice is doomed. This is more than a Fourth Amendment case, this is a matter of either condoning or slapping down deception in law enforcement. If we let this case get by, the word will pass like wildfire. The game plan will then become, no holds barred, anything goes in law enforcement.

I think the argument that the magistrate had no reason to suspect that the officer was telling him an untruth to obtain the warrant somehow makes it alright, is ridiculous. Are we now extending the "good faith" rule to magistrates when they are told an untruth so as to "cure" the officer's untruthful statement? I pray not.

ORDERED NOVEMBER 4, 1987.